Of Counsel:
SUMIDA AU & WONG
A Limited Liability Law Company

KEVIN P.H. SUMIDA          2544-0
ANTHONY L. WONG            6018-0
LANCE S. AU                6244-0
STEPHEN K. ROY             6184-0
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600
Facsimile No.  808-587-6197

Attorneys for Plaintiffs LOUIS M. KEALOHA,
KATHERINE E. KEALOHA, and
KRISTINA KEALOHA, a minor child,
by her next friend, KATHERINE E. KEALOHA

[ST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 DEC 20  PM 3:22

N. MIYATA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| LOUIS M. KEALOHA, KATHERINE E. KEALOHA, and KRISTINA KEALOHA, a minor child, by her next friend, KATHERINE E. KEALOHA,<br><br>     Plaintiffs,<br><br>  vs.<br><br>CHARLES W. TOTTO, individually and as Executive Director and Legal Counsel of the Honolulu Ethics Commission; LETHA A.S. DECAIRES, individually and as investigator for the Honolulu Ethics Commission; HONOLULU ETHICS COMMISSION; and THE CITY AND COUNTY OF HONOLULU,<br><br>     Defendants. | CIVIL NO. 16-1-1166-6 GWBC (Non-Motor Vehicle Tort)<br><br>PLAINTIFFS LOUIS M. KEALOHA AND KATHERINE E. KEALOHA'S MORE DEFINITE STATEMENT AGAINST DEFENDANT CHARLES W. TOTTO; CERTIFICATE OF SERVICE |

Exhibit 4

**PLAINTIFFS LOUIS M. KEALOHA AND KATHERINE E. KEALOHA'S MORE DEFINITE STATEMENT AGAINST DEFENDANT CHARLES W. TOTTO**

The claims against defendant Totto are for:

1. Wrongful investigation/negligence

2. Interference with contractual relations/prospective economic advantage

3. Violation of Civil Rights

4. Intentional infliction of emotional distress.

5. Negligence infliction of emotional distress

6. Defamation

7. Abuse of Process/Malicious Prosecution

8. Uyemura v. Wick

**WRONGFUL INVESTIGATION/NEGLIGENCE**

The elements of a cause of action founded on negligence are: 1. A duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; 2. A failure on the defendant's part to conform to the standard required: a breach of the duty; 3. A reasonably close causal connection between the conduct and the resulting injury and; 4. Actual loss or damage resulting to the interests of another. *Tseu ex rel. Hobbs v. Jeyte*, 88 Haw. 85, 962 P.2d 344 (1998).

Paragraphs pertaining to duty:  8, 11, 13, 27, 34,

Paragraphs pertaining to breach of duty: 7, 9, 11, 12, 14. 15, 16, 17, 18, 19-26, 27, 28-34, 35-38, 39-41, 42-48, 49-51, 52-66, 67-70, 71-77, 78-79,, 80, 81-84, 85-90,

91-94, 95-96, 97-98, 99(a-n), 100, 101 (a-h), 102-107, 108, 109, 110, 111, 112, 114, 115-117,

Paragraphs pertaining to proximate cause and damage: 9, 19, 70, 118, 119-126, 129, (2d) 108, (2d) 109.

## INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

The elements of the tort of intentional interference with prospective business advantage are: (1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; (2) knowledge of the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy; (4) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and (5) actual damages. *Minton v. Quintal*, 131 Haw. 167, 317 P.3d 1 (2013).

Paragraphs as to existence of the business relationship: 7,

Paragraphs as to knowledge of the defendant: 7, 84, 96,

Paragraphs as to intent to interfere: 8, 11, 14, 15, 42-48, 49-51, 52-66, 67-70, 80-81, 84, 95-96, 99(b, e, f, g, h, I, j, k, n), 115-117

Paragraphs as to causation and damages: 8, 9, 10, 118, 122-125, 129.

## VIOLATION OF CIVIL RIGHTS

'Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof

to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

Paragraphs as to deprivation of rights, etc. under the laws: 6, 50, 75, 80, 84, 99

Paragraphs as to under color of law: 15, 78, 79, 83, 99(l, m)

Paragraphs as to damage: 129

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

The elements of the tort of intentional infliction of emotional distress are that: (1) the act allegedly causing the harm was intentional or reckless; (2) the act was outrageous; and (3) the act caused (4) extreme emotional distress to another. *Hac v. Univ. of Hawai'i*, 102 Haw. 92, 73 P.3d 46 (2003)

Paragraphs as to reckless/intentional conduct: 8, 11, 52-66, 67-70, 78-79, 101-104, 105

Paragraphs as to outrageous conduct: 9, 42-48, 49-51, 52-66, 80, 97-98, 99 (a-n), 100, 101-104, 111,

Paragraphs as to emotional distress: 106-107, 119-121, 129.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

The elements of a negligent infliction of emotional distress claim consist of: (1) negligent conduct by the defendant; (2) plaintiff's suffered serious emotional distress; (3) defendant's negligent conduct was the legal cause of the serious emotional distress; and (4) physical injury to a person, property, or a mental illness. *Morioka v. Lee*, 134 Haw. 114, 334 P.3d 777 (Haw. App. 2014). But damages may be based solely upon serious emotional distress, even absent proof of a predicate physical injury. *Roes v. FHP, Inc.*, 91 Haw. 470, 985 P.2d 661, (Haw. 1999).

Paragraphs as to negligent conduct: 8, 11, 52-66, 67-70, 78-79, 101-104, 105

Paragraphs as to grossly negligent or reckless conduct: 9, 42-48, 49-51, 52-66, 80, 97-98, 99 (a-n), 100, 101-104, 111,

Paragraphs as to emotional distress: 196-107, 119-121, 129.

## DEFAMATION

The four elements necessary to sustain a claim for defamation are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher (actual malice where the plaintiff is a public figure; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Gonsalves v. Nissan Motor Corp. in Haw.*, 100 Haw. 149, 58 P.3d 1196 (Haw. 2002).

Paragraphs as to defamatory statements: 84, 99(a, c), 101, 128

Paragraphs as to publication: 50, 80, 84, 101, 104,

Paragraphs as to fault (including malice): 42-49, 52-66, 67-70, 78-79,

Paragraphs as to damages: 129

## ABUSE OF PROCESS

One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.  Restatement 2d, Torts -§ 682.

Paragraphs as to use of legal process: 71, 75, 80, 83, 84, 85, 95. 96, 97-98, 100

Paragraphs as to improper purpose: 71, 72, 73, 74, 76, 77, 80, 82, 86-94, 99, 100.

**UYEMURA V. WICK**

To recover attorneys' fees from defendant, the plaintiff must establish: (1) that the plaintiff had become involved in a legal dispute either because of defendant's tortious conduct, (2) that the litigation was with a third party, (3) that the attorneys' fees were incurred in that third-party litigation. *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171, (Haw. 1976).

Paragraphs as to legal dispute with third party:  99c, 103, 104

Paragraphs as to fees incurred: 129, (2d) 110.

DATED:   HONOLULU, HAWAII, _____ 12/20/16

_____
KEVIN P. H. SUMIDA
ANTHONY L. WONG
LANCE S. AU
STEPHEN K. ROY
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| LOUIS M. KEALOHA, KATHERINE E. KEALOHA, and KRISTINA KEALOHA, a minor child, by her next friend, KATHERINE E. KEALOHA,<br><br>         Plaintiffs,<br><br>  vs.<br><br>CHARLES W. TOTTO, individually and as Executive Director and Legal Counsel of the Honolulu Ethics Commission; LETHA A.S. DECAIRES, individually and as investigator for the Honolulu Ethics Commission; HONOLULU ETHICS COMMISSION; and THE CITY AND COUNTY OF HONOLULU,<br><br>         Defendants. | CIVIL NO. 16-1-1166-6 GWBC (Non-Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on the

following attorney(s) by hand delivering same or by placing the same in the United

State mail, postage prepaid on this ___20th___ day of ___December_____ 2016:

        RICHARD F. NAKAMURA, ESQ.
        STEVEN L. GOTO, ESQ.
        1003 Bishop Street, Suite 2500
        Honolulu, Hawaii 96813
        Attorneys for Defendants
        HONOLULU ETHICS COMMISSION and
        CITY AND COUNTY OF HONOLULU

JOACHIM P. COX, ESQ.
ROBERT K. FRICKE, ESQ.
KAMALA S. HAAKE, ESQ.
800 Bethel Street, Suite 600
Honolulu, Hawaii 96813
Attorneys for Defendant
CHARLES W. TOTTO, ESQ.

DAVID M. LOUIE, ESQ.
NICHOLAS R. MONLUX, ESQ.
999 Bishop St., Suite 2600
Honolulu, Hawaii 96813
Attorney for Defendant
LETHA A.S. DECAIRES, individually
and as investigator for the Honolulu
Ethics Commission

DATED:   HONOLULU, HAWAII,      December 20, 2016

                                             KEVIN P. H. SUMIDA
                                             ANTHONY L. WONG
                                             LANCE S. AU
                                             STEPHEN K. ROY
                                             Attorneys for Plaintiffs