IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LOUIS M. KEALOHA; KATHERINE E. KEALOHA; KRISTINA KEALOHA, a minor child, by her next friend KATHERINE E. KEALOHA,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CHARLES W. TOTTO, individually and as Executive Director and Legal Counsel of the Honolulu Ethics Commission; LETHA A.S. DECAIRES, individually and as investigator for the Honolulu Ethics Commission; HONOLULU ETHICS COMMISSION; THE CITY AND COUNTY OF HONOLULU,<br><br>        Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 16-00682 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFFS' MOTION TO REMAND

        Before the Court is Plaintiffs Louis, Katherine, and

Kristina Kealoha's Motion to Remand, filed January 10, 2017.

On February 17, 2017, Defendant Charles Totto ("Totto") filed

an Opposition and Defendants Honolulu Ethics Commission

("HEC") and City and County of Honolulu ("the City") filed a

Substantive Joinder in the Opposition.  Defendant Letha

DeCaires ("DeCaires") filed a Substantive Joinder on February

21, 2017.  Plaintiffs filed a Reply on February 24, 2017.

This matter came on for hearing on March 10, 2017.  Kevin Sumida, Esq., appeared on behalf of Plaintiffs.  Joachim Cox, Esq., and Kamala Haake, Esq., appeared on behalf of Totto; Nicholas Monlux, Esq., appeared on behalf of DeCaires; and Richard Nakamura, Esq., appeared on behalf of the City and HEC.

After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

<u>BACKGROUND</u>

Plaintiffs commenced this action on June 17, 2016 in the Circuit Court of the First Circuit, State of Hawaii. The Complaint did not enumerate specific causes of action, but alleged, in pertinent part, that:

> 16.  As a result, the processes and procedures of the Ethics Commission have been so corrupted so that the instigation, handling, and dispositions of Ethics Commission investigations and prosecutions have for years been conducted in violation of the law, and in violation of required due process and proper procedures.
>
> . . . .
>
> 80.  In her unlawful zeal to create any ethic violation whether real or manufactured, and as evidence of her conflict of interest and improper motives, and with the full approval of and ratification by Totto, DeCaires violated the rights of HPD officers, witnesses and the

2

plaintiffs, provided false and defamatory
information to witnesses and others, violated
*Garrity* rights of witnesses and plaintiffs,
violated the laws and procedures of the Ethics
Commission, shared confidential as well as
fabricated information with others, and
improperly caused the adult plaintiffs to be
involved in other proceedings and
investigations, all while continuing to benefit
from the continued renewal of her 89 day
contracts.[1]

. . . .

99.  These illegal and improper investigations
resulted in no discovery of any violation of the
Standards of Conduct. . . . . But in the course
of these illegal investigations:[2]

. . . .

> l) Totto and/or DeCaires deliberately,
> improperly and illegally shared with other
> state and law enforcement agencies
> information provided by plaintiffs, by
> witnesses, by HPD officers, and by other
> County employees, in violation of their
> Garrity and other rights.  The violations
> were so systematic and egregious that, in
> an unprecedented move, the State Of Hawaii
> Organization of Police Officers ("SHOPO")
> filed a formal union grievance, stating
> that HPD officers were being compelled to
> appear before the Ethics Commission "to
> answer questions without being informed of
> the allegations made against them or being
> afforded the opportunity to view the
> complaint," and were "not being afforded
> any Garrity Rights prior to being compelled
> to answer questions."  The police union
> expressly found that "the Ethics

---

[1]  Plaintiffs mis-cited this as paragraph 84.

[2]  Plaintiff mis-cited this as paragraph 90.

> Commission, a department of the City and
> County of Honolulu is in violation of [the
> Collective Bargaining Agreement]," . . . ;
>
> m) Totto and/or DeCaires deliberately,
> improperly and illegally shared with third
> parties, including the attorney for Gerard
> Puana, information provided plaintiffs, by
> witnesses, by HPD officers, and by other
> county employees, in violation of their
> Garrity and other rights.

Notice of Removal, Ex. 1.

Defendants were served on June 20, 2016.  Mot., Exs. A-D.

On July 11, 2016, the City and HEC (joined by DeCaires and Totto on September 20 and 21, 2016, respectively), filed a motion for more definite statement and motion to strike.  Doc. No. 15-10, 15-22 & 15-24.  The state court entered minutes granting the motion for more definite statement on November 21, 2016, and directed Plaintiffs to file a more definite statement separately identifying their claims against Defendants.  Notice of Removal, Ex. 2.  The formal orders memorializing the rulings issued on December 6 and 16, 2016.  Doc. No. 15-44, 15-45.

On December 20, 2016, Plaintiff Kristina Kealoha and Plaintiffs Louis and Katherine Kealoha filed More Definite Statements ("MDS") against each Defendant.  Opp'n, Exs. 2-3. Plaintiffs Louis and Katherine Kealoha asserted the following

4

claims against Totto:  1) wrongful investigation/negligence;
2) interference with contractual relations/prospective
economic advantage; 3) violation of civil rights (42 U.S.C.
§ 1983); 4) intentional infliction of emotional distress;
5) negligent infliction of emotional distress; 6) defamation;
7) abuse of process/malicious prosecution; and 8) Uyemura v.
Wick (attorneys' fees).  Id., Ex. 3.

On December 30, 2016, Totto filed a Notice of
Removal ("Notice"), pursuant to 28 U.S.C. § 1441(a), in view
of Plaintiffs Louis and Katherine Kealoha's § 1983 claim for
civil rights violations.  DeCaires, the City, and HEC
consented to the removal.

On January 10, 2017, Plaintiffs filed this Motion.

LEGAL STANDARD

Section 1441(a) authorizes removal of an action by a
defendant and provides:

> (a) Generally.--Except as otherwise expressly
> provided by Act of Congress, any civil action
> brought in a State court of which the district
> courts of the United States have original
> jurisdiction, may be removed by the defendant or
> the defendants, to the district court of the
> United States for the district and division
> embracing the place where such action is
> pending.

28 U.S.C. § 1441(a).  District courts "have original
jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).

The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. Hunter, 582 F.3d at 1042.

<u>ANALYSIS</u>

Plaintiffs move to remand this action on the basis that the removal was untimely, having been effectuated more than 30 days after Defendants were served with the Complaint. Defendants contend that they timely removed this action within

6

30 days after Plaintiffs filed their MDS, which is the first paper providing notice that Plaintiffs are asserting a federal claim.

A.    Defendants Untimely Removed This Action

The timing of removal is governed by § 1446(b), which provides:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  Section 1446 affords two thirty-day windows during which a defendant may remove an action.  The Ninth Circuit has held that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face."  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); Durham, 445 F.3d at 1252.  Indeed, "the ground for removal must be revealed affirmatively in the initial pleading in

7

order for the first thirty-day clock under § 1446(b) to begin." Harris, 425 F.3d at 695; Kerr v. Delaware N. Companies, Inc., No. 116CV01797LJOSAB, 2017 WL 880409, at *1 (E.D. Cal. Mar. 6, 2017) (citation omitted) ("If there is no basis for removal evident within the 'four corners' of a pleading, it is not removable and the 30 day time limit does not begin to run.").

Section "1446(b)(3) applies only where a 'voluntary' act of the plaintiff brings about a change that renders the case removable." Busch v. Jakov Dulcich & Sons LLC, No. 15-CV-00384-LHK, 2015 WL 3792898, at *4 (N.D. Cal. June 17, 2015) (quoting Self v. Gen. Motors Corp., 588 F.2d 655, 657-58 (9th Cir. 1978)) (internal quotation omitted). Section 1446(b)(3) "requires a paper that shows a ground for removal that was previously unknowable or unavailable." Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133, 1142 (9th Cir. 2017) (citing 14C Charles Alan Wright et al., Federal Practice and Procedure § 3731 (4th ed. 2016)).

Defendants submit that Plaintiffs' vague references to due process and Garrity[3] violations in the Complaint were insufficient to put them on notice that Plaintiffs were

---

[3] This is a reference to Garrity v. New Jersey, 385 U.S. 493 (1967).

asserting a federal claim.  Whether or not federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Hunter, 582 F.3d at 1042 (quoting Fisher v. NOS Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007)); Kerr, 2017 WL 880409, at *1; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint.").  Thus, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936)).  The federal question may not be aided by the answer or by the petition for removal. Takeda, 765 F.2d at 822 (citation omitted).

Though verbose and less than artfully pled, the Complaint includes the following allegations that are relevant

to the Court's evaluation of the well-pleaded complaint rule:[4]

> 1) "[T]he processes and procedures of the Ethics Commission have been corrupted so that the instigation, handling, and dispositions of the Ethics Commission investigations and prosecutions have for years been conducted in violation of the law, and in violation of required due process and proper procedures."  Notice, Ex. 1 at ¶ 16.

> 2) "In her unlawful zeal to create any ethic violation whether real or manufactured, and as evidence of her conflict of interest and improper motives, and with the full approval of and ratification by Totto, DeCaires violated the rights of HPD officers, witnesses and the plaintiffs, provided false and defamatory information to witnesses and others, violated *Garrity* rights of witnesses and plaintiffs. . . ."  Id. at ¶ 80.

> 3) "Totto and/or DeCaires deliberately, improperly and illegally shared with other state and law enforcement agencies information provided by plaintiffs . . . in violation of their Garrity and other rights."  Id. at ¶ 99(l).

> 4) "Totto and/or DeCaires deliberately, improperly and illegally shared with third parties, including the attorney for Gerard Puana, information provided plaintiffs, by witnesses, by HPD officers, and by other County employees, in violation of their Garrity and other rights."  Id. at ¶ 99(m).

With respect to ¶ 16 of the Complaint, the Court finds that it did not put Defendants on notice of a federal claim and trigger removability.  A due process violation does not necessarily implicate federal law, as it can be a state

---

[4]  At the hearing, the parties discussed Exhibit 41 to the Complaint.  The Court has not relied upon Exhibit 41 in making its determination.

constitutional claim.  The Court therefore finds that the "due process" reference does not buttress Plaintiffs' position and would not have alone triggered the first 30-day period for removal.

At issue then is whether the references to <u>Garrity</u> violations revealed that the case was removable.  Defendants cite a handful of out-of-district cases to support the proposition that passing and vague references to violations of <u>Garrity</u> rights are insufficient to support removal based on federal questions jurisdiction.[5]  In <u>Garrity</u>, the Supreme

---

[5]  These cases do not support the retention of jurisdiction, as they are distinguishable from the instant case.  Notably, the below cases involved pro se plaintiffs. Vague (and often inapplicable) references to federal law or standalone citations to federal law by pro se plaintiffs cause far greater uncertainty about whether a federal claim is presented.  Plaintiffs here are represented by experienced counsel.  The repeated reference to <u>Garrity</u> violations cannot be disregarded as insignificant.

In <u>Hemmelgarn v. City of Seattle</u>, No. C13-02188 RSM, 2014 WL 996483, at *1 (W.D. Wash. Mar. 13, 2014), the court denied the plaintiff's motion to remand, finding that the defendant timely removed the action pursuant to § 1446(b)(3) after plaintiff revealed, at his deposition, that he intended to assert § 1983 and other claims under the U.S. Constitution. <u>Id.</u> at **1-2.  The plaintiff's complaint included a single reference to federal law - that the defendant's actions caused him to suffer "deprivation of his liberty and property as protected by State and federal law" - but his enumerated causes of action related solely to Washington statutory or common law.  <u>Id.</u> at *1.

In <u>Shelley's Total Body Works v. City of Auburn</u>, No. C07-126P, 2007 WL 765205, at *1 (W.D. Wash. Mar. 9, 2007), the

Court held that incriminatory statements made by an employee under the threat of termination cannot be used in a subsequent criminal proceeding.  <u>Garrity</u>, 385 U.S. at 493; <u>Peck v. Hinchey</u>, No. CV-12-01371-PHX-JAT, 2014 WL 3721195, at *1 n.2 (D. Ariz. July 28, 2014) ("*Garrity*-protected interviews generally contain statements made by an officer at a department disciplinary proceeding or as part of an internal affairs investigation.  Those statements are then prohibited from being used against the officer in a subsequent criminal prosecution.").

Unlike the cases where a plaintiff makes passing reference to violations of "federal law" or the U.S. Constitution, Plaintiffs identified <u>Garrity</u> violations, which implicate the Fifth Amendment right against self-

---

court found that it lacked subject matter jurisdiction over the case because the plaintiff's "vague and passing references to federal law" in the complaint were insufficient to support removal based on federal question jurisdiction.  <u>Id.</u> at *3. The court also relied on the fact that the defendant's notice of removal displayed uncertainty as to whether the complaint presented a federal claim.  <u>Id.</u> at *2.  The defendant cited two paragraphs to support removal, one that included the text of the Ninth and Fourteenth Amendments and one that stated: "Civil Liability:  The state of being legally obligated for civil damages: cite as 134 Wash.2d 947, 954 p.2d 250: any intrreference [sic] with the issuance of a building permit when a property owner is entitled to that building permit gives a right to a claim under the State and Federal law." <u>Id.</u> at *2.

incrimination, and necessarily require application of federal law for adjudication.  Aquilera v. Baca, 510 F.3d 1161, 1171 (9th Cir. 2007) (identifying Garrity as involving Fifth Amendment rights); Orozco v. Cty. of Monterey, 941 F. Supp. 930, 939 (N.D. Cal. 1996) (discussing Garrity in the context of the Fifth Amendment right against self-incrimination).  The Court accordingly finds that the Complaint presents a federal claim on its face.

Defendants argue that Plaintiffs did not allege the requisite facts to support a § 1983 action based on Garrity right violations and that it was not until the filing of the MDS that Plaintiffs affirmatively asserted a § 1983 claim. For the purpose of removal, the existence of a federal claim does not rest on whether Plaintiffs' claims could survive a motion to dismiss or meet Federal Rule of Civil Procedure 8's pleading standards.[6]  Plaintiffs' assertion of Garrity violations sufficiently notified Defendants of the existence of federal claims, and did not require express reference to § 1983.  Indeed, the mere assignment of a § 1983 label to the Garrity violations in the MDS did not transform the Garrity violations from non-federal claims to federal claims.  The

---

[6] Nothing in this Findings and Recommendation is intended to express an opinion on the merits or sufficiency of the claims.

13

nature and character of the <u>Garrity</u> allegations were federal
at the outset and, if anything, the MDS confirmed that.   The
Court declines to give credence to Defendants' contention that
a federal constitutional claim cannot be found on the face of
a complaint unless a plaintiff expressly identifies the claim
as one pursuant to § 1983.[7]  <u>Cf.</u> <u>Johnson v. City of Shelby,</u>
<u>Miss.</u>, __ U.S. __, 135 S. Ct. 346, 347 (2014) (per curiam)
("In particular, no heightened pleading rule requires
plaintiffs seeking damages for violations of constitutional

---

[7]  Courts regularly construe federal constitutional claims
as § 1983 claims.  <u>Orozco</u>, 941 F. Supp. at 934 (construing two
of the plaintiff's causes of action for constitutional
violations as § 1983 claims even though the plaintiff brought
them directly under the U.S. Constitution and not under the
umbrella of § 1983); <u>Ryder v. Booth</u>, No. 16-00065 HG-KSC, 2016
WL 2745809, at *4 (D. Haw. May 11, 2016) ("Plaintiffs'
Complaint does not reference 42 U.S.C. § 1983.  The Court
construes Plaintiffs' claim that the Defendant County's police
officers violated the United States Constitution as a claim
pursuant to Section 1983."); <u>Stone v. Conrad Preby's</u>, No.
12-CV-2031-IEG BLM, 2013 WL 139939, at *2 (S.D. Cal. Jan. 10,
2013) ("Although Plaintiff does not specifically state that
his claims are being brought under § 1983, the Court affords
Plaintiff the benefit of any doubt . . . and construes these
Constitutional claims as being brought under § 1983.");
<u>Hardman v. Gov't of Guam</u>, No. CIV. 10-00010, 2011 WL 4901162,
at *3 (D. Guam Oct. 14, 2011) ("When plaintiffs run afoul of
[the rule that violations of a constitutional right should be
brought under § 1983], courts generally re-frame the direct
constitutional claims as § 1983 claims.").

These cases illustrate that a § 1983 label is unnecessary
for the <u>identification</u> of a federal claim on the face of a
complaint.  The reference to and application of § 1983 become
relevant when challenges are made to the sufficiency of the
pleadings and/or merits of the claims.

rights to invoke § 1983 expressly in order to state a claim.'").

For the reasons articulated above, the presentation of <u>Garrity</u> claims in the Complaint triggered § 1446(b)(1) and required Defendants to remove the action within 30 days after service of the Complaint, or by July 20, 2016.  Given that Totto filed the Notice on December 30, 2016, removal was untimely and the action must be remanded to state court.

B.   <u>Plaintiffs are not Entitled to Fees and Costs Pursuant to § 1447(c)</u>

Plaintiffs request their fees and costs incurred in connection with the removal.  Defendants argue that an award of fees would not be justified because it was reasonable for them to defer removal until they had clarity regarding Plaintiffs' claims.

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The United States Supreme Court has stated that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S.

132, 141 (2005) (citations omitted).  The district court

retains discretion to determine whether a given case presents

unusual circumstances that warrant a departure from this rule.

Id.  The Martin Court also instructed that

> The appropriate test for awarding fees under
> § 1447(c) should recognize the desire to deter
> removals sought for the purpose of prolonging
> litigation and imposing costs on the opposing
> party, while not undermining Congress' basic
> decision to afford defendants a right to remove
> as a general matter, when the statutory criteria
> are satisfied.

Id.  Under the circumstances of this case, the Court declines

to award attorneys' fees and costs under § 1447(c) because

Defendants did not lack an objectively reasonable basis for

seeking removal within the second 30-day window authorized by

§ 1446(b)(3).  Although the Court has concluded that

Defendants were required to remove the case within § 1446(b)'s

first 30-day window because the Complaint presents a federal

claim, Defendants' concerns regarding premature removal based

on inarticulately asserted claims were reasonable.  The Court

therefore recommends that Plaintiffs' request for fees and

costs be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY

RECOMMENDS that Plaintiffs' Motion to Remand, filed January

10, 2017, be GRANTED IN PART AND DENIED IN PART.  The Court

16

recommends that the Motion be GRANTED to the extent Plaintiffs seek remand and recommends that this action be REMANDED to the Circuit Court of the First Circuit, State of Hawaii.  The Court recommends that the Motion be DENIED to the extent Plaintiffs request fees and costs pursuant to § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawaii, March 13, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00682 JMS-KSC; KEALOHA, ET AL. V. TOTTO, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION TO REMAND