IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOUIS M. KEALOHA; KATHERINE E. KEALOHA; KRISTINA KEALOHA, a minor child, by her next friend KATHERINE E. KEALOHA,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES W. TOTTO, individually and as Executive Director and Legal Counsel of the Honolulu Ethics Commission; LETHA A.S. DECAIRES, individually and as investigator for the Honolulu Ethics Commission; HONOLULU ETHICS COMMISSION; THE CITY AND COUNTY OF HONOLULU,<br><br>Defendants. | Civ. No. 16-00682 JMS-KSC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND REMANDING ACTION TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII |

## ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND REMANDING ACTION TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII

### I. INTRODUCTION

Defendants Charles Totto ("Totto"), Letha DeCaires ("DeCaires"), Honolulu Ethics Commission ("HEC"), and the City and County of Honolulu (the "City") (collectively, "Defendants") object under 28 U.S.C. § 636(b)(1) and Local Rule 72.4 to a March 13, 2017 Findings and Recommendation of Magistrate Judge Kevin S.C. Chang to Grant in Part and Deny in Part Plaintiffs' Motion to Remand,

ECF No. 39 (the "March 13, 2017 F&R").  Def. Totto's Obj., ECF No. 40; Def. DeCaires' Obj., ECF No. 41.  The March 13, 2017 F&R recommended that the court remand this action to the Circuit Court of the First Circuit, State of Hawaii ("State Court") because the removal was untimely.  It determined that Plaintiffs' presentation of claims for violations of Plaintiffs' "*Garrity* rights"[1] sufficiently triggered 28 U.S.C. § 1446(b), which "required Defendants to remove the action within 30 days after the service of the Complaint," and Defendants failed to meet this 30-day window.  March 13, 2017 F&R, at 15.

Upon de novo review, the court agrees that the *Garrity* claims put Defendants on notice that the case was removable.  Accordingly, the court OVERRULES the objections, ADOPTS the March 13, 2017 F&R, and REMANDS the action to State Court.

## II. BACKGROUND

**A.  State Court**

Plaintiffs Louis Kealoha, Katherine Kealoha, and Kristina Kealoha (collectively, "Plaintiffs") filed their Complaint in State Court on June 17, 2016, and served Defendants on June 20, 2016.  Compl. at 1, ECF No. 1-2.  The

---

[1] "*Garrity* rights" refers to rights recognized by *Garrity v. New Jersey*, 385 U.S. 493, 500 (1967) ("We now hold the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and that it extends to all, whether they are policemen or other members of our body politic.").

Complaint is not a model of clarity, spanning forty-three pages without enumerating specific causes of action. *Id.* However, it does assert violations of Plaintiffs' *Garrity* rights in three separate places:

> 80. In her unlawful zeal to create any ethical violation whether real or manufactured, and as evidence of her conflict of interest and improper motives, and with the full approval of and ratification by Totto, DeCaires violated the rights of HPD officers, witnesses and the plaintiffs, provided false and defamatory information to witnesses and others, violated *Garrity* rights of witnesses and plaintiffs, violated the laws and procedures of the Ethics Commission, shared confidential as well as fabricated information with others, and improperly caused the adult plaintiffs to be involved in other proceedings and investigations, all while continuing to benefit from the continued renewal of her 89 day contracts.
>
> . . . .
>
> 99. . . . [I]n the course of these illegal investigations:
>
> . . . .
>
> l) Totto and/or DeCaires deliberately, improperly and illegally shared with other state and law enforcement agencies information provided plaintiffs, by witnesses, by HPD officers, and by other County employees, in violation of their Garrity and other rights. The violations were so systematic and egregious that, in an unprecedented move, the State Of Hawaii Organization of Police Officers ("SHOPO") filed a formal union grievance, stating that HPD officers were being compelled to appear before the Ethics Commission "to answer questions without being informed of the allegations made against them or being afforded the opportunity to view the complaint," and were "not being afforded any Garrity Rights prior to being compelled to answer questions." . . .

> m) Totto and/or DeCaires deliberately, improperly and illegally shared with third parties, including the attorney for Gerard Puana, information provided plaintiffs, by witnesses, by HPD officers, and by other County employees, in violation of their Garrity and other rights[.]

Compl. ¶¶ 80, 99(l), 99(m).

On July 11, 2016, Defendants filed a motion for more definite statement and motion to strike. ECF Nos. 15-10, 15-22, 15-24. On November 21, 2016, the State Court granted the motion for more definite statement ("MDS"), directing Plaintiffs to file a MDS by December 16, 2016, enumerating specific claims against specific Defendants. ECF No. 1-3. Plaintiffs filed their MDS on December 20, 2016, which included a claim for violation of Plaintiffs' civil rights under 42 U.S.C. § 1983. ECF No. 1-5, at 3-4.

On December 30, 2016, Totto filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1441(a) and 1446 because of Plaintiffs' § 1983 claim. ECF No. 1.

**B.    Federal Court**

Plaintiffs filed their Motion to Remand to State Court on January 10, 2017. ECF No. 13. Defendants filed their Opposition on February 17, 2017, and Plaintiffs filed their Response on February 24, 2017. ECF Nos. 32, 37. The March 13, 2017 F&R recommended granting Plaintiffs' Motion to Remand. ECF No. 39. Totto filed his Objection on March 20, 2017, and DeCaires filed her Objection on

March 27, 2017. ECF Nos. 40, 41. Plaintiffs filed their Oppositions to Totto's and DeCaires' Objections on March 31, 2017, and April 13, 2017, respectively. ECF Nos. 43, 44.

### III. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV. **DISCUSSION**

Defendants argue that removal was timely because "the first 'paper' from which Defendants could glean that Louis and Katherine Kealoha were bringing a federal claim against them was in their MDS." Totto Obj., at 5. The court disagrees.

Section 1441 authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). And district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

But the ability to remove under section 1441 is subject to the time constraints of 28 U.S.C. § 1446. This latter section "provides two thirty-day windows during which a case may be removed -- during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting § 1446(b)). Thus, "[w]hen the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d

6

1247, 1253 (9th Cir. 2006). The second thirty-day window under section 1446(b)(3) "requires a paper that shows a ground for removal that was previously unknowable or unavailable." *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142 (9th Cir. 2017).

Here, the Complaint asserted violations of Plaintiffs' "*Garrity* rights" in three separate paragraphs, specifically alleging that Totto and DeCaires compelled Plaintiffs to answer questions and then illegally shared the answers with law enforcement. Compl. ¶¶ 80, 99(l), 99(m). And "*Garrity* rights" themselves are very specific rights arising under the United States Constitution, referring to "the protection of the individual under the Fourteenth Amendment against coerced statements," which "prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and that it extends to all, whether they are policemen or other members of our body politic." *Garrity v. New Jersey*, 385 U.S. 493, 500 (1967). Consequently, the allegation that Defendants violated Plaintiffs' "*Garrity* rights" put Defendants on notice that Plaintiffs were asserting violations of a specific United States constitutional right.[2] That is sufficient to start section 1446's initial thirty-day clock.

---

[2] Although the Complaint does not expressly invoke § 1983, that is not necessary to sufficiently state a removable federal claim. The Supreme Court has held -- albeit in a different context -- that plaintiffs do not need to specifically identify § 1983 to adequately state a claim justifying federal jurisdiction. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) ("In particular, no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim.").

Defendants cite an array of cases to argue that the Complaint's "vague references" are not enough to adequately identify a federal claim, Totto Obj. at 6-8, DeCaires Obj. at 4-6, but Defendants' reliance is misplaced. These cases involve allegations with passing reference to a violation of "state and federal law," not a specific constitutional right similar to *Garrity* rights. *See, e.g.*, *Hemmelgarn v. City of Seattle*, 2014 WL 996483, at *1 (W.D. Wash. Mar. 13, 2014) ("The only reference to federal law in the Complaint is as follows: '[a]s a result of defendant's actions, plaintiff has suffered . . . emotional distress, economic loss, *and deprivation of his liberty and property interests as protected by State and federal law* applicable to this matter.'" (quoting the complaint)); *Shelley's Total Body Works v. City of Auburn*, 2007 WL 765205, at *1-2 (W.D. Wash. Mar. 9, 2007) (involving only references to the text of the Ninth and Fourteenth Amendments and "a claim under the State and Federal Law"); *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (noting that allegations of a "violation of his civil and constitutional rights" was insufficient to trigger section 1446).[3]

---

[3] *Cevallos* also reasoned that section 1446's thirty-day clock was not triggered because the complaint "d[id] not allege any specific claim under § 1983 or a violation of the United States Constitution." 541 F. App'x at 393. Alleging a violation of a *Garrity* right appears inherently federal, as the right's namesake relied on the United States Constitution to establish the protection. *Garrity*, 385 U.S. at 500. Moreover, it is unclear whether Hawaii recognizes a private of action for damages for violation of rights guaranteed under the Hawaii State Constitution. *See, e.g.*, *Annan-Yartey v. Muranaka*, 2017 WL 1243499, at *3 n.8 (D. Haw. Apr. 3, 2017) (citing cases). It is thus even more apparent that the Complaint included a federal question given that Plaintiffs most likely cannot bring a similar claim under Hawaii state law, regardless of whether a similar protection exists in the Hawaii state constitution.

By repeatedly alleging violations of Plaintiffs' "*Garrity* rights," along with associated factual allegations that Defendants compelled Plaintiffs to provide answers that were then illegally shared with law enforcement, the Complaint provided Defendants adequate notice that the action contained a federal question. Thus, the Complaint triggered section 1446's thirty-day clock, and by the time Defendants sought removal months later, their time had already run out.

## V. CONCLUSION

Based on the foregoing, the court ADOPTS the March 13, 2017 F&R. The objections of Totto and DeCaires are OVERRULED. The action is REMANDED forthwith to the State Court, and all pending motion dates and deadlines are vacated.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 8, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Kealoha v. Totto*, Civ. No. 16-00682 JMS-KSC, Order Adopting Findings and Recommendation, and Remanding Action to the Circuit Court of the First Circuit, State of Hawaii